1  Kevin D. Smith (State Bar No. 113633)
   ksmith@wshblaw.com
2  Vanessa K. Herzog (State Bar No. 248514)
   vherzog@wshblaw.com
3  **WOOD, SMITH, HENNING & BERMAN LLP**
   10960 Wilshire Boulevard, 18th Floor
4  Los Angeles, California 90024-3804
   Phone: 310-481-7600 ♦ Fax: 310-481-7650
5

6  Attorneys for Defendants, KNIGHT TRANSPORTATION, INC. and THOMAS GOSSARD

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 | SORYA JOHNSON,                        | Case No. 1:18-cv-01674-LJO-JLT
12 |                Plaintiff,             | **STIPULATED PROTECTIVE ORDER AND ORDER**
13 |        v.                             | (Doc. 14)
14 | KNIGHT TRANSPORTATION, INC.;
   | THOMAS EARL GOSSARD; and DOES 1 to
15 | 100, inclusive,
16 |                Defendants.

17

18         The parties, Plaintiff, SORYA JOHNSON ("Plaintiff") and Defendants, KNIGHT

19 TRANSPORTATION, INC. and THOMAS EARL GOSSARD ("Defendants"), hereby stipulate

20 for the purpose of jointly requesting that the honorable Court enter a protective order re:

21 confidential document in this matter (and pursuant to Fed. R. Civ. P. 5.2, 7, as well as U.S. Dist.

22 Ct.., E.D. Cal. L.R. 141, 141.1, 143, and 251) as follows:

23         1.      The purpose of this stipulated protective order is to protect confidential and

24 proprietary information contained within the SmartDrive video footage of the incident ("the

25 Video") requested by Plaintiff. The subject is identifiable as follows:

26         (a)     **VIDEO OF INCIDENT**

27         2.      This stipulated protective order has been agreed upon by the parties to facilitate

28 discovery and the production of materials in this action. Neither the entry of this order nor the

LEGAL:10092-0043/11461289.1

production of any materials subject to this order will in any way be construed as an admission by Defendants, concession of liability by Defendants as to any cause of action, or an agreement as to the admissibility of the Video for any purpose.

3. This stipulated protective order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein, or to impose additional restrictions on the disclosure of information or material produced.

4. The Video itself, as well as any analysis or report containing quotes, excerpts, or portions of thereof, shall be maintained in confidence by the party to whom such material is produced and shall be made available only to: (a) the Court and its officers, law clerks, and court reporters present at any hearing and any other tribunal or dispute resolution officer duly appointed or assigned in connection with the is litigation; (b) counsel for the parties, whether retained counsel or in-house counsel; (c) employees of counsel; (d) independent experts who are employed to furnish expert or technical services or to give expert testimony with regard to this action; (e) outside litigation vendors, court reporters, and other litigation support personnel, but only for so long as necessary to perform their services related to this litigation; (f) any person who was an author, addressee, or intended or authorized recipient of the Video; (g) such officers and employees of the producing party who are actively involved in the defense of this case or who are designated to testify on behalf of the producing party; (h) adjusters and/or coverage counsel but only for the purpose of addressing tenders; and (i) such other person as this Court may designate after notice and opportunity to be heard.  As a condition precedent to disclosure of the Video, the party to receive the Video must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose any such information or materials to any other person, firm, or concern; and never to use any of the information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each such independent expert shall execute a declaration acknowledging the foregoing.

5. No party to this stipulated protective order shall produce any of the Video to any non-party to this protective order subject to the exceptions listed in Paragraph 4, above.

6. Access to and/or disclosure of the Video shall be permitted only to the following persons or entities:

    a. the Court;

    b. (1) Attorneys of record in this proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this proceeding and are not employees of any part; (2) In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to the Video shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this stipulated protective order and that they may not be disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, and agents of all non-designating parties that counsel for such parties deems necessary to aid counsel in the prosecution and defense of this proceeding; provided, however, that prior to disclosure of the The Video to any such officer, director, partner, member, employee, or agent, counsel for the party making the disclosure shall deliver a copy of this stipulated protective order to such person, shall explain that they are bound to follow the terms thereof, and shall secure from such person a signed declaration attesting their agreement to be bound to the terms of this stipulated protective order;

    d. court reports in this proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial, or hearing witness in the proceeding who previously has had access to the Video, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Video;

    f. any deposition or non-trial hearing witness in the proceeding who previously did not have access to the Video; provided however, that each such witness given access to the Video shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this stipulated protective order and that they may not be disclosed other than pursuant to its terms;

    g. mock jury participants, provided, however, that prior to disclosure of the

Video to any such mock jury participant, counsel for the party making the disclosure shall deliver a copy of this stipulated protective order to such person, shall explain that such person is bound to follow the terms of such order, and shall secure a signed declaration from such person agreeing to be bound by the same;

      h.    outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with this proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of the subject The Video to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this stipulated protective order to such person, shall explain that such person is bound to follow the terms of such order, and shall secure a signed declaration from such person agreeing to be bound by the same;

      i.    any other person or entity that Plaintiff and Defendants agree to in writing.

7. The Video shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending this proceeding, and not for any business or other purpose whatsoever.

8. Any party to this proceeding who has not executed this stipulated protective order as of the time it is presented to the Court for signature may thereafter become a party to this stipulated protective order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this stipulated protective order.

9. If any person subject to this stipulated protective order who has custody of the Video receives a subpoena or other process from any government or other person or entity demanding production of such materials, the recipient of such will promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for Defendants, and shall furnish counsel for Defendants with a copy of the same.  Upon receipt of this notice, Defendants may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Video, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent

available under law. The recipient of the subpoena may not produce the Video pursuant to the subpoena prior to the date specified for production on the subpoena.

10. Nothing in this stipulation for protective order shall be construed to preclude either party from asserting in good faith that the Video require additional protection. The parties shall meet and confer to agree upon the terms of such additional protection.

11. If, after execution of this stipulated protective order, the Video submitted by Defendants under the terms of this stipulated protective order is disclosed except as set forth herein, the disclosing party shall bring all pertinent facts relating to that disclosure to the immediate attention of Defendants.

12. Where the Video is included in any motion or other proceeding governed by Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141 and 141.1, if applicable), the parties and any involved non-party shall follow those rules. With respect to discovery motions or other proceedings not governed by Eastern District Local Rule 230 and 251, the following shall apply: If the Video is submitted or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

13. The parties shall meet and confer regarding the procedures for use of the Video at trial and shall move the Court for entry of an appropriate order.

14. Nothing in this stipulated protective order shall affect the admissibility into evidence of the Video, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of the same.

15. This stipulated protective order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of Defendants or may move the Court for relief from the provisions hereto. To the extent permitted by law, the Court shall retain jurisdiction to enforce,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  modify, or reconsider this stipulated protective order, even after the proceeding is terminated.

2      16.    Upon thirty (30) days after the settlement or other termination of this proceeding,
3  the undersigned parties shall have thirty (30) days to either (a) promptly return to counsel for
4  Defendants all copies of the Video (except that counsel for each party may maintain in its files, in
5  continuing compliance with the terms of this stipulated protective order, all work product), (b)
6  agree with counsel for the Defendants upon appropriate methods and certification of destruction or
7  other disposition of such materials, or (c) file a motion seeking a Court order regarding proper
8  preservation of the same.   To the extent permitted by law the Court shall retain continuing
9  jurisdiction to review and rule upon any such motion.

10      17.    After this stipulated protective order has been signed by counsel for all parties, it
11  shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein.

12      18.    The undersigned parties and all signatories to declarations agreeing to be bound to
13  the terms set forth herein agree to be bound by this stipulated protective order pending its approval
14  and entry by the Court.  In the event that the Court modifies this stipulated protective order, or in
15  the event that the Court enters a different protective order, the parties agree to be bound by this
16  stipulated protective order until such time as the Court may enter such different order.  It is the
17  parties' intent to be bound by the terms of this stipulated protective order pending its entry so as to
18  allow for immediate production of the Video under the terms set forth herein.

19  **IT IS SO STIPULATED:**
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

LEGAL:10092-0043/11461289.1

-6-

STIPULATED PROTECTIVE ORDER

1  DATED: June 6, 2019                    WOOD, SMITH, HENNING & BERMAN LLP

                                          By:  */s/ Vanessa Herzog*
                                               KEVIN D. SMITH
                                               VANESSA K. HERZOG
                                          Attorneys for Defendants, KNIGHT
                                          TRANSPORTATION, INC. and THOMAS GOSSARD

DATED: May 31, 2019                       RODRIGUEZ & ASSOCIATES

                                          By:  */s/ Daniel Turek*
                                               DANIEL TUREK, ESQ.
                                          Attorney for Plaintiff, SORYA JOHNSON

**IT IS SO ORDERED.**

DATED: June  11, 2019

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE

LEGAL:10092-0043/11461289.1                          -7-
                                          STIPULATED PROTECTIVE ORDER