# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORYA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KNIGHT TRANSPORTATION, INC., et al.,<br><br>        Defendants. | Case No.: 1:18-CV-01674- JLT<br><br>ORDER AFTER TELEPHONIC CONFERENCE ON DISCOVERY DISPUTE |

The Court held an informal conference on a discovery dispute. (Doc. 19) The parties have several disputes. Most of the dispute related to the plaintiff's responses to discovery, the Court did not address in detail because the parties have not completed their meet and confer efforts in this regard[1].

First, at the conference, the Court noted that the holdings of <u>Diaz v. Carcamo</u>, 51 Cal.4th 1148 (2011) and <u>Armenta v. Churchill</u>, 42 Cal.2d 448 (1954) coupled with <u>Moore v. Superway Logistics, Inc.,</u> 2019 WL 2285392 (May 29, 2019), seem to dispose of the request set forth in plaintiff's request for production of documents number 9, because Knight admits vicarious liability for the acts of its employee, Mr. Gossard, assuming liability is imposed on him. Moreover, the

---

[1] That being said, it appears the plaintiff has not produced the documents her counsel indicated on August 1, 2019 in an email between counsel, that she would produce. Likewise, the parties are reminded of their ongoing obligation to supplement their Rule 26(a) disclosures. Fed.R.Civ.P.26(e)(1).

1

request appears to be overbroad in that it seeks private information that has no bearing on the issues at hand. The suggestion that documents related to other accidents or other bad acts bear on whether the plaintiff is entitled to punitive damages, is irrelevant because the plaintiff has not sought punitive damages in this case.

Second, the Court indicated it appears that <u>Dillenbeck v. City of Los Angeles</u>, 69 Cal.2d 472 (1968) may support the plaintiff's request for *relevant* portions of Knight's policy manual as sought by request number 10. The Court agrees that only the portions of the policy manual that could establish a duty of care on Mr. Gossard greater that that imposed by law are at issue.

Third, the Court expressed concerns that Knight has not produced all relevant portions of the dash cam video related to the collision at issue. To the extent the video exists, Knight should gather and produce all video recordings responsive to the request, meaning video beginning 20 minutes before the collision through 20 minutes after.

Fourth, no later than August 23, 2019, counsel for the defendants SHALL provide available dates for the depositions of Mr. Gossard and the entity's designee under Fed.R.Civ.P.30(b)(6). If counsel cannot agree on dates for these depositions by August 30, 2019, plaintiff's counsel SHALL immediately contact the Court to arrange a telephonic conference with counsel at which the Court will select the dates and times for these depositions.

Finally, the dispute over whether the defense has produced information related to insurance coverage has resolved.

Because the Court was not able to achieve agreement on any topic, the Court **ORDERS**:

1. As to the first three topics, any motion to compel or motion for protective order, may be filed no later than August 30, 2019. Any such motion SHALL proceed according to the requirements of Local Rule 251(c).

IT IS SO ORDERED.

Dated: **August 16, 2019**             **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE