# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORYA JOHNSON,<br><br>      Plaintiff,<br><br>      v.<br><br>KNIGHT TRANSPORTATION, INC., et al.,<br><br>      Defendants. | Case No.: 1:18-CV-01674- JLT<br><br>ORDER GRANTING IN PART STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 27) |

      The parties have stipulated to amend the case schedule to extend some of the. It appears, in part, the request is due to the plaintiff's failure to earlier disclose that she underwent "neck surgery." (Doc. 27 at 2-4) From the stipulation, it appears that plaintiff's Rule 26 initial disclosures did not alert the defendants of this fact, though the supplemental disclosures did. Id.

      Nevertheless, soon after receiving plaintiff's initial disclosures, the defense subpoenaed the records from the surgeon which should have detailed the surgery. Thus, the Court cannot determine how the defense has been prejudiced nor have they described how they would have acted differently had the plaintiff earlier disclosed the surgery and provided the records earlier. At most, apparently, they would have taken the case more seriously and sought more discovery time when the Court scheduled the case.[1] Likewise, the Court is not impressed with the attorneys'

---

[1] On the other hand, at the time the defendants removed this case to this court, they *knew* the plaintiff believed the case exceeded the jurisdictional limits. They reported in their notice of removal:

1

decisions to allow discovery to lag[2] and then assume the Court would bail them out with amendments to the case schedule.

Though the Court will grant request to amend the case schedule, counsel SHALL cooperate to schedule the depositions and to take them immediately and to complete all needed discovery expeditiously. They are assured that the Court will be extremely unlikely to consider with favor any future requests to amend the case schedule. Thus, the Court **ORDERS** the case schedule amended as follows:

1. All non-expert discovery **SHALL** be completed **no later than November 11, 2019**;

2. Experts **SHALL** be disclosed **no later than November 22, 2019** and any rebuttal experts **SHALL** be disclosed **no later than December 13, 2019**. All expert discovery **SHALL** be completed **no later than January 24, 2020**;

3. Non-dispositive and dispositive motions, if any, **SHALL** be filed **no later than February 10, 2020** and heard **no later than March 9, 2020**. [3]

IT IS SO ORDERED.

Dated: __September 24, 2019__         ____/s/ Jennifer L. Thurston__
                                      UNITED STATES MAGISTRATE JUDGE

---

2. Plaintiff filed an Unlimited Civil Case in Superior Court where the amount demanded exceeds $25,000, and claims that she suffered: (1) wage loss, (2) loss of use of property, (3) hospital and medical expenses, (4) general damages, (5) property damages, and (6) loss of earning capacity. (See Exhibit" l ".) Accordingly, the Complaint itself is sufficient evidence to establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000,
24 pursuant to 28 U.S.C. § 1332(a).
3. Defendants' counsel also approached Plaintiff's counsel regarding Plaintiffs damages and was advised that her medical expenses to date totaled $11,000, but that Plaintiff was still treating for her injuries such that her medical expenses will continue to increase, and that Plaintiffs damages were in excess of $75,000."
(Doc. 1 at 3-4)

[2] For example, by agreeing the IME would occur in October after the deadline for them to disclose their experts, counsel must have believed that amendments to the case schedule are routinely granted; they are not.

[3] The Court recognizes that the pretrial conference will occur before the hearings on dispositive and non-dispositive motions. Presumably, counsel knows this as well and chose this circumstance.