1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SORYA JOHNSON, | ) | Case No.: 1:18-cv-01674-JLT |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO AMEND |
| v. | ) ) | COMPLAINT |
| KNIGHT TRANSPORTATION, INC., et al., | ) ) | (Doc. 33) |
| Defendants. | ) ) | |
| | ) ) | |

Plaintiff seeks leave to file a first amended complaint. (Doc. 33.) Defendants oppose the request. (Doc. 34.) For the following reasons, Plaintiff's motion for leave to amend is **DENIED**.

**I.  Factual Allegations and Background**

Plaintiff filed an action for personal injuries as a result of a motor vehicle collision that occurred on July 14, 2018. (Doc. 1 at 18-19.) Plaintiff alleged that the acts of Defendants were negligent and caused his injuries. (Doc. 1 at 18-19.) Plaintiff initiated this action by filing a complaint on November 7, 2018, in the Superior Court of the State of California in and for the County of Kern, entitled Sorya Johnson v. Knight Transportation, Inc., et al., Case No. BCV-18-102791. (Doc. 1 at 10-20.) Defendant Knight Transportation, Inc. filed an answer on November 26, 2018. (Doc. 1 at 22-29.) Defendant Thomas Earl Gossard filed an answer on December 7, 2018. (Doc. 1 at 31-40.) On December 10, 2018, Defendants filed a notice of removal to the Eastern District of California. (Doc. 1.) This Court held a scheduling conference with the parties on March 11, 2019. (Docs. 10, 11.)

At the request of counsel, the Court held an informal telephonic conference regarding discovery disputes on August 16, 2019. (Docs. 19, 20.) By that time, little discovery had occurred, and the parties were mired in disputes. (Doc. 21)

Soon thereafter, on September 4, 2019, the parties filed a stipulation to amend the case schedule to extend all deadlines by about four months. (Doc. 24.) The Court denied the stipulation because they failed to demonstrate they had acted diligently in completing discovery. (Doc. 26.) On September 10, 2019, the parties again filed a stipulation to amend the case schedule. (Doc. 27.) Much of the need for the amendment to the case schedule was due to the fact that the plaintiff had failed to disclose her January 2019 surgery until July 2019. Id. at 2-3. The Court granted in part the stipulation to amend the case schedule and emphasized that counsel cooperate to schedule depositions and to take them immediately and to complete all needed discovery expeditiously. (Doc. 30.)

On September 27, 2019, Plaintiff took the deposition of Thomas Gossard. Plaintiff claims that it was at this deposition that she learned facts supporting an independent negligence claim against Knight Transportation and justification for a punitive damage award was first revealed. (Doc. 33 at 6, 15.) Plaintiff alleges that she learned that the vehicle operated by Gossard had been damaged in a prior collision, nearly a year before the collision at issue, resulting in structural damage to the front of the cab and knocking off a "spot mirror" that helps the operator visualize blind spots and manage space along the passenger side of the vehicle. (Doc. 33 at 2.) nevertheless, since the case was filed, Plaintiff had taken the position that Knight had "negligently and carelessly . . . repair[ed] and maintain[ed] a motor vehicle so as to cause the same to crash into a vehicle driven by plaintiff . . ." (Doc. 1 at 19) Despite this, Plaintiff did not seek punitive damages. (Doc. 1 at 17) The Court noted this omission in its order issued on August 2019 when it considered whether disputed discovery should be permitted "related to other accidents to other accidents or other bad acts [to determine] whether the plaintiff is entitled to punitive damages." (Doc. 21 at 1-2) However, the Court found the discovery to be "irrelevant because the plaintiff has not sought punitive damages in this case." Id. at 2.

At his deposition, Gossard reported that Knight was aware of the loss of his spot mirror because he had been documented it during pre-trip inspections as a safety defect in need of repair. (Doc. 33 at 2.) It is undisputed that at the time of the accident, Knight had not made this repair and the

spot mirror was not in place. (Doc. 33 at 2.)

On October 21, 2019, Plaintiff filed a motion for leave to file a first amended complaint now before the Court. (Doc. 33.) Defendants filed their opposition to the motion on November 18, 2019 (Doc. 34), to which Plaintiff filed a reply on November 25, 2019 (Doc. 35).

## II.  Legal Standards

### A.  Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

(1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

## B. Pleading Amendments

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendants do not consent to the filing of an amended complaint, Plaintiff seeks the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III. Discussion and Analysis

The scheduling order set a pleading amendment deadline of June 10, 2019, whether this should occur by stipulation or a formal motion. (Doc. 11 at 2.) Plaintiff filed her current motion months after

the expiration of this deadline. (Doc. 33.) Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) applies to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). Accordingly, the Court examines Plaintiff's diligence to determine whether amendment of the Scheduling Order is proper.

Plaintiff reports that at the deposition of Thomas Gossard on September 27, 2019, that the facts supporting independent negligence allegations against Defendant Knight Transportation and punitive damages were first revealed[1]. (Doc. 33 at 6, 15.) Plaintiff states that on the eve of this deposition, that counsel for Defendant produced a portion of the Knight Employee Handbook. (Doc. 33 at 6, 15.) Plaintiff contends that it made diligent efforts to conduct discovery, but acknowledges that an extensive discovery dispute resulted in delay in progress of this case. (Doc. 33 at 5.) In reply, Plaintiff explained that she chose to pursue live deposition testimony rather than move forward with conducting written discovery. (Doc. 35 at 2.)

On the other hand, Defendants argue that there is no newly discovered evidence as alleged by Plaintiff. (Doc. 34 at 10.) Specifically, they contend that Plaintiff's complaint already contemplated allegations against Defendant Knight Transportation for its alleged failure to maintain and repair the truck/trailer at issue and Defendant Gossard's alleged negligent operation of the truck/trailer. (Doc. 34 at 10.) Defendants claim that Plaintiff's allegation that Defendants delayed the discovery process and failed to make witnesses available for deposition is false. (Doc. 34 at 11.) They claim that Plaintiff did not serve notices for depositions of Defendant Gossard or Knight Transportation's Person Most Knowledgeable until July 2, 2019. (Doc. 34 at 11.) Additionally, Defendants contend that Plaintiff never served written discovery either on the issues of vehicle maintenance or repair prior to the deadline to amend pleadings. (Doc. 34 at 11.) They state that Plaintiff only served requests for production of documents on May 24, 2019, and those requests related to witness statements, photographs/videos, Gossard's personnel file, Knight policies and procedures and insurance

---

[1] The Court received no adequate explanation how this can be true given Plaintiff has alleged since the onset of this case that Knight had negligently failed to repair or maintain the truck Gossard drove at the time of the collision.

information, but not the alleged vehicle maintenance issue. (Doc. 34 at 11.) Defendants further argue that Plaintiff fails to explain why she waited over two weeks after obtaining the newly discovered evidence before attempting to meet and confer regarding a desire to amend the complaint. (Doc. 34 at 11.)

Significantly, it appears the parties have not been diligent in pursuing discovery in this action. Notably, multiple stipulations have been filed seeking to modify the scheduling order. (See Docs. 24, 27.) Scheduling orders "are the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Id. at 610. If a scheduling order could be so easily set aside, considerations of prejudice would hardly be serious concerns in evaluating a motion to amend. As set forth in the scheduling order, "[t]he dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." (Doc. 11 at 7, emphasis omitted.)

The parties filed their first stipulation to extend the scheduling order deadlines on September 4, 2019. (Doc. 24.) As noted by the Court in its order denying this stipulation, "the parties [had] failed to demonstrate they have acted diligently in completing discovery," and consequently the Court could not find good cause for amending the case schedule. (Doc. 26 at 1-2.) On September 10, 2019, the parties again submitted a joint stipulation to extend the scheduling order deadlines, in which the parties jointly stated that "[d]ue to the number of expert and lay witness depositions, and despite the diligence of the Parties, the Parties have been unable to schedule all depositions in this case to occur by the afore-mentioned deadline." (Doc. 27 at 7.) The Court granted in part the stipulation to amend the case schedule, noting that the attorneys were allowing discovery to lag and relying on "the Court [to] bail them out with amendments to the case schedule." (Doc. 30 at 1-2.) The Court ordered counsel to schedule and take the depositions immediately and "to complete all needed discovery expeditiously." (Doc. 30 at 2.) The Court additionally assured the parties "that the Court will be extremely unlikely to consider with favor any future requests to amend the case schedule." (Doc. 30 at 2.) Importantly, the pleading amendment deadline set by the scheduling order was June 10, 2019, and

this date was not adjusted by the Court's subsequent orders. (See Doc. 11 at 2.) However, the Plaintiff now seeks to file an amended pleading well beyond the pleading amendment deadline of June 10, 2019.

Plaintiff contends that her motion to amend is timely because it is filed prior to the deadline for filing non-dispositive motions, set at February 10, 2020. (Doc. 35 at 2.) However, Plaintiff cites the incorrect deadline, as the scheduling order sets the pleading amendment deadline at June 10, 2019. (Doc. 11 at 2.) The scheduling order specifically states that, "[a]ny requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **June 10, 2019**." (Doc. 11 at 2.) Accordingly, the deadline for amending the pleadings set in the scheduling order has expired, and Plaintiff's motion to amend is untimely.

Plaintiff reports that certain facts were revealed for the first time during the deposition of Thomas Gossard on September 27, 2019. She does not explain her decision to delay a month to file her motion to amend. Plaintiff's delay in seeking leave to amend fails to support a determination that she has acted diligently in seeking leave to file an amended complaint. *See Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (delay of one month after learning of facts from a witness' deposition did not constitute diligence under Rule 16 in seeking leave to amend); *Sako v. Wells Fargo Bank, Nat. Assoc.*, 2015 U.S. Dist. LEXIS 111834, 2015 WL 5022326, at *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16").

The Court notes that the original complaint already includes allegations that Defendants did "negligently and carelessly own, rent, lease, bail, entrust, operate, **repair, and maintain** a motor vehicle." (Doc. 1 at 19, emphasis added.) With its amended complaint, the Plaintiff is attempting to include a second claim against Knight Transportation for negligent maintenance and failure. (See Doc. 33.) To the extent that Plaintiff is seeking to add a claim regarding negligence against Defendants, there is no need for an amended complaint in that regard.

According to Defendants, the parties have already engaged in discovery, including written discovery, document production and expert discovery. (Doc. 34 at 24.) The deadline of November 11, 2019 for non-expert discovery, which was already extended once by the Court, has already passed.

(Doc. 30 at 2.) Although Plaintiff states on the one hand that she does not anticipate further non-expert discovery, she also notes that Plaintiff would have no objection if the Court were to allow discovery to proceed. (Doc. 35 at 3.) Indeed, the Ninth Circuit determined that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Allowing the amendment would result in further discovery and additional modifications of the deadlines set forth by this Court and the proceedings to be further prolonged.

On the other hand, allowing the amendment now, would impact the timely completion of expert discovery given the affirmative reports were ordered to be produced by November 22 and rebuttal expert disclosures will occur in nine days (Doc. 30 at 1-2)

**IV. Conclusion and Order**

The Court finds Plaintiff has not been diligent in seeking leave to amend and has not met the good cause requirement of Rule 16. As a result, the inquiry ends, and the Court does not consider whether leave to amend is appropriate under Rule 15. *See Johnson*, 975 F.2d at 609; *see also Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted") (internal quotation marks omitted). Accordingly, the Court **ORDERS** that Plaintiff's motion to amend (Doc. 33) is **DENIED**.[2]

IT IS SO ORDERED.

Dated:  __December 4, 2019__          _____/s/ Jennifer L. Thurston_
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds there is little prejudice to Plaintiff by the denial of this motion.  First, Plaintiff may pursue her original claim against Knight for the failure to properly repair and maintain the vehicle. Second, Fed.R.Civ.P. 15(b) *may* provide her relief at trial related to punitive damages, assuming she can meet the Rule's standards.