# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORYA JOHNSON,<br><br>　　Plaintiff,<br><br>　v.<br><br>KNIGHT TRANSPORTATION, INC., et al.,<br><br>　　Defendants. | Case No.: 1:18-cv-01674-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 42) |

Plaintiff seeks reconsideration of the Court's order dated December 4, 2019[1]. (Doc. 38; Doc. 42.) Plaintiff seeks an order granting leave to amend to add allegations of punitive damages. (Doc. 42.)

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by

---

[1] Because the motion offers no new facts or legal theories, the Court will not benefit by further argument and the hearing on the motion is **VACATED**.

1

the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff does not present any new facts or legal theories. The arguments in the instant motion remain the same as those presented in the motion to amend. Although Plaintiff argues that she seeks reconsideration because the Court's decision was manifestly unjust, Plaintiff fails to provide support that meets that standard. Plaintiff argues that the denial of leave to amend to add allegations of punitive damages would require Plaintiff to forego a full and fair adjudication of all claims and states that the action can be voluntarily dismissed[2] and refiled within the statutory period. (Doc. 42 at 4; Doc. 47 at 2-3.) However, these claims do not satisfy the standard necessary for reconsideration. Moreover, the Court noted in the order denying the motion to amend that "Fed.R.Civ.P. 15(b) *may* provide her relief at trial related to punitive damages, assuming she can meet the Rule's standards." (Doc. 38 at 8, n.2, emphasis in original.)

Because Plaintiff has not made any showing that reconsideration should be granted, that the Court committed a clear error or that its prior ruling was manifestly unjust[3], Plaintiff fails to show

---

[2] This assertion is not entirely accurate. Fed.R.Civ.P. 41(a)(1).

[3] As noted in the prior order (Doc. 38 at 5 n. 1), the plaintiff has taken the position that the defendant failed to maintain the truck at issue since she filed her lawsuit (Doc. 1 at 19). Even now, the plaintiff does not explain what has changed that makes her believe punitive damages are warranted now *despite that she did not believe they were warranted at the inception of the case.*

2

reconsideration is appropriate. Accordingly, Plaintiff's motion for reconsideration (Doc. 42) is **DENIED**.

IT IS SO ORDERED.

   Dated: __**February 6, 2020**__                __**/s/ Jennifer L. Thurston**__
                                                                             UNITED STATES MAGISTRATE JUDGE