# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORYA JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, et al.,<br><br>      Defendants. | Case No.: 1:18-cv-01674 JLT<br><br>PRETRIAL ORDER |

The plaintiff seeks monetary damages for injuries suffered as a result of an automobile collision according.

**A. JURISDICTION/ VENUE**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332. The venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

**B. UNDISPUTED FACTS**

1. The collision at issue in this case occurred on July 14, 2018 at or about 6:40 a.m. in Kern County, California.

2. On said time and date, there was a collision between a commercial motor vehicle ("CMV") being driven by Defendant Thomas Gossard and a passenger vehicle being driven by Plaintiff Sorya Johnson.

3. At all relevant times, Defendant Thomas Earl Gossard was employed as a truck driver by

Defendant Knight Transportation, Inc.

4. At all relevant times, Defendant Thomas Earl Gossard was operating a CMV within the course and scope of his employment with Defendant Knight Transportation, Inc.

5. At the time of the collision, Plaintiff Sorya Johnson was 37 years old.

6. At the time of the collision, Plaintiff Sorya Johnson was on her way to Kern Medical Center in Bakersfield, California, where she was employed as a Nurse's Attendant.

7. At the time of the collision, Plaintiff Sorya Johnson was driving a 2015 Mitsubishi Outlander, California License Plate No. 7RWC550.

8. At the time of the collision, Defendant Thomas Gossard was traveling from Shafter, California to Phoenix, Arizona.

9. At the time of the collision, Defendant Thomas Gossard was operating a 2015 International Tractor, Indiana License Plate No. 2206874, and hauling a 2017 Wabash Trailer, Indiana License Plate No. P492330.

10. Prior to the collision, Defendant Thomas Gossard was traveling southbound on SR-99.

11. Prior to the collision, Plaintiff Sorya Johnson was traveling northbound on SR-99.

12. The collision occurred eastbound on California SR-58, just east of where SR-99 merges with SR-58.

13. The CMV being driven by Defendant Thomas Gossard had been damaged in a prior incident, which knocked off a fender mirror on the passenger side of the cab.

**C. DISPUTED FACTS**

1. The location of the collision, specifically whether the location of the collision is at the location documented by Officer Marshall Miller in the California Highway Patrol report or, as Defendants contend, based on Plaintiff's testimony, whether it occurred further east of said location, on eastbound SR-58.

2. Whether Defendant Thomas Gossard was negligent in operation of his CMV at the time of the collision.

3. Whether Defendant Knight Transportation, Inc. negligently maintained and/or failed to repair the CMV operated by Defendant Thomas Gossard at the time of the collision.

2

4.      Whether and to what extent Defendant Knight Transportation, Inc. is liable for punitive damages—specifically, for knowingly allowing operation of a damaged CMV at the time of the collision in conscious disregard for the rights and safety of others.

5.      Whether Plaintiff Sorya Johnson was comparatively negligent in driving her vehicle at the time of the collision.

6.      Whether and to what extent Plaintiff Sorya Johnson suffered injuries as a result of the collision.

7.      The amount of Plaintiff Sorya Johnson's compensatory damages, including her claimed medical expenses, future medical expenses, past loss of income, future loss of income, and general damages, if any.

**D.      DISPUTED LEGAL ISSUES**

None.

**E.      DISPUTED EVIDENTIARY ISSUES**

**Plaintiffs:**

Plaintiff SORYA JOHNSON anticipates filing the following motions in limine on evidentiary issues:

1.      To preclude evidence or witnesses not disclosed or produced during discovery;

2.      To preclude Defendants from calling any undesignated and/or improperly designated expert witnesses;

3.      To preclude Defendants from offering the speculative and unqualified opinions of Thomas Fugger, P.E.;

4.      To preclude the speculative and unqualified opinions of Dr. Katherine Davis;

5.      To preclude evidence of Plaintiff's financial condition. At the hearing, defense counsel agreed she would not seek evidence about the family's finances in general, though the plaintiff's income remains at issue. Thus, the motion is **GRANTED** to this extent.

6.      To exclude evidence of remorse and/or apology.

7.      To preclude evidence of unrelated surgeries and medical issues, including gallbladder removal, and abdominal pain with associated rectal bleeding.

8.      To preclude Defendants from assigning fault to non-named Defendants. At the hearing,

3

defense counsel agreed this would not occur. Thus, the motion is **GRANTED**.

9. To preclude introduction of hearsay through files and/or reports of experts.

10. Permit demonstratives and visual aids during opening statement.

11. Preclude offer of evidence that Defendant has a good driving record. At the hearing, defense counsel agreed this would not occur. Thus, the motion is **GRANTED**.

12. To allow counsel to discuss specific sums during voir dire and to strike jurors for cause who state they cannot award a sum of damages even if supported by the evidence.

13. To preclude evidence of unrelated FMLA leave and time away from work in 2015 and 2016.

**Defendant:**

Defendants Knight Transportation Inc., and Thomas Gossard anticipate filing the following motions in limine on evidentiary issues:

1. To preclude evidence or witnesses not disclosed or produced during discovery;

2. To preclude Plaintiff from calling any undesignated and/or improperly designated expert witnesses;

3. To preclude Plaintiff from offering the speculative and unqualified opinions of Lew Grill;

4. To preclude Plaintiff from offering the speculative and unqualified opinions of Marius Ziejewski;

5. To preclude Plaintiff from offering the speculative and unqualified opinions of Robert Johnson;

6. To preclude evidence of Plaintiff's speculative loss of future income as it relates to loss of income as a Licensed Vocation Nurse or Registered Nurse;

7. To preclude Plaintiff's claim of negligent training, hiring, and retention based on Knight's admission of Gossard's vicarious liability.

8. To preclude Plaintiff's use of Knight's entire policy manual and to limit said exhibits to only those relating to the relevant standard of care.

9. To preclude the use of the SmartDrive coaching policy as irrelevant and inadmissible as to any issues.

///

4

## F. RELIEF SOUGHT

### Plaintiff

Economic damages are sought for the lost earning capacity of Sorya Johnson, who is no longer able to remain a Nurse's Attendant and is now, due to her injuries and physical limitations, unable to pursue further career advancement to a position as licensed vocational nurse ("LVN") or a registered nurse ("RN").

Non-economic damages are sought for the physical and emotional damage suffered by Plaintiff Sorya Johnson as a result of the collision and her injuries.

Punitive damages are sought against the Defendant Knight Transportation, Inc. for knowingly and recklessly maintaining the CMV being operated by Defendant Thomas Gossard at the time of the collision.

## G. ABANDONED ISSUES

None.

## H. WITNESSES

1. The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

1. Sorya Johnson
2. Brandon Johnson
3. Lena Collins
4. Marla Bolton
5. Officer Marshall Miller
6. Chelsea Starkweather, PA-C
7. Danh Nguyen, M.D.
8. George Wahba, M.D.
9. Charles Wong, D.O.

10. John Gundzik, M.D.
11. Gregory Galdino, M.D.
12. Vikram Hatti, M.D.
13. Shannon Compton, PT
14. Richard Alexan, M.D.
15. John Brazil, M.D.
16. Amy Becerra, PA-C
17. Donal Daniels, PA-C
18. Clarence Chu
19. Thomas Earl Gossard
20. Ben Troglia
21. Bradley Hart
22. Renita Nunn
23. Roger Miller
24. Richard Kahmann, M.D.
25. Katherine Davis, PhD
26. Thomas Fugger, P.E.
27. Brian King, M.D.
28. Bill Smyser
29. Jeff Sarkesian, M.S.
30. David Weiner
31. Marius Ziejewski, PhD
32. Robert Johnson
33. Lew Grill

**2. The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial

conference, or

   b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   a. The witness could not reasonably have been discovered prior to the discovery cutoff;

   b. The court and opposing parties were promptly notified upon discovery of the witness;

   c. If time permitted, the party proffered the witness for deposition; and

   d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## I. EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

   a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their

admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing parties were promptly informed of their existence; and

    c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Joint Exhibits**

1. Defendant Knight Transportation, Inc.'s Driver Training Manual;
2. Dashcam video from the day of the collision;
3. Maps of location;
4. Photos of Plaintiff;
5. Photos of the vehicles involved in the collision;
6. Photos of Defendant;
7. SmartDrive video from the day of the collision;
8. SmartDrive Coaching Policy (Defendants dispute the use of this);
9. Maintenance Records produced by Defendant Knight Transportation, Inc. for the CMV being operated by Defendant Thomas Gossard at the time of the collision;
10. All depositions and Exhibits attached thereto;
11. Medical records of Plaintiff Sorya Johnson;
12. Imaging of injuries for Plaintiff Sorya Johnson;
13. Anatomical and medical illustrations, including digital illustrations;
14. Excerpts from Defendants' expert files;
15. Excerpts from Plaintiff's expert files.

On or before **March 27, 2020** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **March 20, 2020.**

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiffs' exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.</u>

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiffs' exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
| --- | --- | --- |

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the

exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **May 8, 2020**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**J. POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**K. DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

1. Responses to requests for production by any party;

| | |
|---|---|
| 1 | 2. Documents produced by persons most knowledgeable; |
| 2 | 3. Amended and/or supplemental responses to request for production by any party; |
| 3 | 4. Any and all Responses to Interrogatories by any party; |
| 4 | 5. Documents produced in response to initial and/or supplemental disclosures; and |
| 5 | 6. Any and all Deposition transcripts and accompanying exhibits. |

**L.     MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. The conference should be in person but, if this is not possible, SHALL, at a minimum, be telephonic. Written meet-and-confer conferences are unacceptable. Along with their motions in limine, the parties SHALL file a certification detailing the conference such to demonstrate counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **April 10, 2020**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court by **April 27, 2020**. The Court sets a hearing on the motions in limine on **May 5, 2020**, at 3:00 p.m. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

**M. FURTHER DISCOVERY OR MOTIONS**

   None.

**N. STIPULATIONS**

The parties entered into two Stipulated Protective Orders pertaining to certain documents, photographs, and/or videos produced by Defendants.

**O. AMENDMENTS/ DISMISSALS**

   None.

**P. SETTLEMENT NEGOTIATIONS**

The parties recently engaged in a settlement conference, but the matter has not settled.

**Q. AGREED STATEMENT**

   None.

**R. SEPARATE TRIAL OF ISSUES**

   None.

**S. APPOINTMENT OF IMPARTIAL EXPERTS**

   None.

**T. ATTORNEYS' FEES**

   None sought.

**U. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

A jury trial is set for **May 11, 2020** at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 5 days.

**V. TRIAL PREPARATION AND SUBMISSIONS**

   **1. Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **May 1, 2020**.

   **2. Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **May 1, 2020**.

### 3. Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **April 3, 2020**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **April 20, 2019**. At the conference, the parties SHALL attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **April 24, 2020** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties SHALL lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

If and only if, the parties after a genuine, reasonable and good faith effort, cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **April 24, 2020** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties SHALL lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction. Each instruction SHALL be numbered.

## W. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## X. MISCELLANEOUS MATTERS

None.

## Y. COMPLIANCE

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated: **February 24, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE